FRANK G. NORDSTROM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nordstrom v. Commissioner
Docket No. 7317-71.
United States Tax Court
T.C. Memo 1973-30; 1973 Tax Ct. Memo LEXIS 255; 32 T.C.M. (CCH) 115; T.C.M. (RIA) 73030; February 7, 1973, Filed Frank G. Nordstrom, pro se. Marvin T. Scott, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION
FORRESTER, Judge: Respondent has determined a deficiency of $447.71 in petitioner's income tax for the taxable year 1969. Because of a concession by petitioner the only issue remaining for our decision is whether petitioner is entitled to a deduction for an alleged theft or embezzlement loss. FINDINGS OF FACT
Some of the facts are stipulated and are so found. At the time the petition in this case was filed petitioner resided in Weld County, Colorado. 2 On July 9, 1968, a criminal complaint was filed against petitioner with the District Attorney for Weld County, Colorado. The complainant alleged that petitioner had committed an assault with a deadly weapon. In response to the *256 complaint petitioner appeared before the District Court in and for Weld County, Colorado, on July 11, 1968. The court proceedings commenced with a statement by the district judge advising petitioner of his constitutional rights, including his right to be represented by an attorney. Then, in response to the judge's offer to answer his questions, petitioner launched into a lengthy statement in which he made several admissions against his interest. The judge concluded that petitioner required the services of an attorney and postponed further proceedings until such services could be obtained. The court subsequently appointed an attorney to represent petitioner, and a plea of not guilty was entered at petitioner's arraignment on July 22, 1968. After receiving the plea the court permitted petitioner's court-appointed attorney to withdraw from the case.
At about this time petitioner asked one Frederick E. Dickerson (Dickerson) to act as his attorney in the criminal 3 case pending against him. Dickerson is a prominent and respected member of the Colorado Bar with extensive experience in criminal litigation. His background encompasses the entire spectrum of criminal representation, *257 including approximately 160 cases in which he has defended clients accused of first-degree murder. At the time he was approached by petitioner Dickerson had the reputation of being one of the most capable criminal lawyers in Colorado, and in addition was known as a man of integrity and honesty. Dickerson was somewhat hesitant to undertake petitioner's defense because of the time which would be consumed in traveling the approximately 50 miles between his offices in Denver and the Weld County District Court, and because he knew petitioner to be a very time-consuming person. However, in August 1968, petitioner and Dickerson entered into an oral contract which provided that in exchange for $3,000 Dickerson would furnish whatever legal services were necessary to fully defend petitioner in the criminal action pending in the Weld County District Court. The agreement provided that for no further charge Dickerson would represent petitioner on any appeal from the district court, and that Dickerson would pay all court costs himself. Petitioner 4 advanced the agreed legal fee of $3,000 to Dickerson on August 23, 1968. After the oral agreement was reached and the advance payment *258 had been made, petitioner demanded that Dickerson provide further legal services without additional compensation. Specifically, petitioner wanted to bring civil actions against, among others, the district court judge hearing his case, the district attorney prosecuting the case, and the sheriff and his deputy. The original oral agreement between petitioner and Dickerson had not contemplated that Dickerson would provide such additional legal services. Dickerson categorically refused to bring the civil actions, and he volunteered to withdraw from the case and refund the unearned portion of petitioner's advance payment. Petitioner relented, and Dickerson continued to represent him in the criminal action without agreeing to his additional demands. Dickerson entered his appearance for petitioner in the Weld County District Court on September 17, 1968. His request that petitioner's criminal trial be set for March 18, 1969, was granted. On March 18, 1969, Dickerson appeared again as petitioner's attorney in the Weld County District Court. At that 5 time the district court granted a motion by the district attorney to dismiss the criminal charges against petitioner. The motion *259 was made after it was brought to light that there was apparently some justification for the alleged assault. The fee charged by Dickerson to defend petitioner against the criminal prosecution was entirely reasonable, especially in light of his qualifications and the seriousness of the charge. On his Federal individual income tax return for 1969 petitioner claimed a deduction of $3,000 for a "Loss from Embezzlement" in respect of the legal fee he had paid to Dickerson. Respondent disallowed the deduction and determined a deficiency accordingly. OPINION
Petitioner argues that in exchange for $3,000 Dickerson agreed to provide legal representation in at least two civil actions in addition to the criminal action. Petitioner further argues that after the criminal charges against him were dismissed, Dickerson refused to honor the alleged oral agreement to initiate the civil actions. Petitioner contends that such refusal constitutes embezzlement, and that he should therefore be allowed a theft deduction under section 165 for the entire $3,000 which he paid to Dickerson. 6 We have found as a fact that the oral contract at issue did not require Dickerson to furnish any legal *260 services beyond his successful representation of petitioner in the criminal action in the Weld County District Court. We have also found that $3,000 was not an unreasonable fee for such representation. It follows that petitioner's claimed deduction is without basis in fact, and we hold that petitioner is not entitled to the claimed deduction. Moreover, even if we were to assume for the sake of argument that petitioner's allegations were correct, little more than a simple breach of contract would be established. This is a far cry from satisfying petitioner's burden of proving that his alleged loss resulted from an act which would constitute theft under Colorado law. , and cases cited. There is not a shred of evidence that Dickerson possessed the requisite criminal intent. Cf. (C.A. 8, 1961). Accordinly, Decision will be entered for the respondent.